OPINION
{¶ 1} Eric Bohannon appeals from his conviction and sentence following a guilty plea to one count of voluntary manslaughter.
 {¶ 2} Bohannon advances two assignments of error on appeal. First, he claims his sentence was imposed in violation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and must be vacated. Second, he contends the trial court erred in its analysis of the *Page 2 
"seriousness" factors found in R.C. § 2929.12.
 {¶ 3} The record reflects that Bohannon pled guilty to voluntary manslaughter in exchange for dismissal of a firearm specification. The offense occurred when Bohannon shot the victim, Joshua Brown, during an altercation. At sentencing, the trial court addressed the seriousness and recidivism factors set forth in R.C. § 2929.12. In so doing, it found Bohannon's conduct to be more serious than conduct normally constituting the offense because the victim suffered serious physical, psychological, or economic harm. The trial court also found under R.C. § 2929.14(B) that a minimum sentence would not adequately protect the public and would demean the seriousness of the offense. The trial court then imposed an eight-year prison sentence.
 {¶ 4} On appeal, Bohannon argues that his sentence, which is more than the statutory minimum, violates Foster because the trial court made the factual findings necessary to impose it. "Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time thatFoster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is a subject of the appeal." State v. Boyd, Montgomery App. No. 21372, 2006-Ohio-6299, ¶ 28.
 {¶ 5} We agree with Bohannon that Foster applies here and that he was sentenced in violation of the rule articulated in that case. The present appeal was pending when Foster was decided, and the trial court imposed Bohannon's more-than-minimum sentence based on a factual finding that a lesser sentence would not adequately protect the public and would demean the seriousness of the offense. *Page 3 
Accordingly, we must remand the cause for re-sentencing. The first assignment of error is sustained.
 {¶ 6} In his second assignment of error, Bohannon contends the trial court erred in its consideration of the seriousness factors found in R.C. § 2929.12(B). In particular, he challenges the trial court's statement that his conduct was more serious than conduct normally constituting voluntary manslaughter because the victim suffered serious physical, psychological, or economic harm. Bohannon asserts that serious physical harm to the victim necessarily exists in every case of voluntary manslaughter. He also claims the record lacks evidence that the victim suffered serious psychological or economic harm.
 {¶ 7} Given that we already must vacate Bohannon's sentence based on the Foster violation, his second assignment of error will be overruled as moot. We do note for future guidance, however, that serious physical harm to the victim ordinarily will not militate in favor of a longer sentence in cases involving manslaughter because every manslaughter victim suffers death, which is the ultimate physical harm. See, e.g.,State v. Davis, Clark App. No. 2002-CA-43, 2003-Ohio-4839, ¶ 133;State v. Portman, Clark App. No. 2001-CA-44, 2002-Ohio-2280.
 {¶ 8} Having sustained Bohannon's first assignment of error, we reverse the trial court's judgment based on the Foster violation and remand the cause for resentencing.
 FAIN and DONOVAN, JJ., concur. *Page 1